UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

PROCEEDINGS UNDER CHAPTER 13
CASE NO. 09-35607-BKC-EPK

In re:

Yves M. Labady and
Edwige C. Labady,

    Debtors.
_____/

## MOTION TO VALUE COLLATERAL IN PLAN, MOTION TO DETERMINE SECURED STATUSES, AND MOTION TO AVOID LIENS

### IMPORTANT NOTICE TO CREDITORS: THIS IS A MOTION TO VALUE YOUR COLLATERAL, A MOTION TO DETERMINE SECURED STATUS, AND MOTION TO AVOID LIEN

**This Motion seeks to value collateral described below securing the claims of the creditors listed below, to Determine their Secured Statuses, and to Avoid their Liens.**

**If you have not filed a proof of claim, you have until the later of the claims bar date or 20 calendar days from the date this motion was served on you to file a proof of claim or you will be deemed to have waived the right to payment of any unsecured claim to which you might otherwise be entitled. [See Local Rule 3015-3(A)(4).]**

The debtor(s) file(s) this Motion to Value Collateral in Plan, Motion to Determine Secured Status, and Motion to Avoid Lien, pursuant to 11 U.S.C. §506(a) and (d), Bankruptcy Rule 3012, Local Rule 3015-3 and seeks to value collateral securing the claims of the creditor(s) listed below by indicating in the plan the description and value of the collateral.

LF-77 (rev. 06/02/08)

| Secured Creditor | Description of Collateral and Value Creditor's Interest in Collateral | Interest Rate | Plan Payments | Months of Payment | Total Plan Payments |
|---|---|---|---|---|---|
| **SunTrust Bank**<br>1501 NE 26th St.<br>Ft. Lauderdale, FL 33305<br><br>("Mortgagee") | Second priority mortgage lien dated 3/28/05 and recorded on 4/26/05 at **OR 18473 at page 1201** in the Public Records of Palm Beach County, Florida and modified Per the modification Agreement dated 5/4/05 Recorded on 6/6/05 at **OR 18690 page 1841** in the Public Records of Palm Beach County, Florida as to<br><br>**192 Catania Way, Royal Palm Beach, Florida**<br><br>more completely described as<br><br>**Lot 340, Bella Terra PUD Plat No. 4, according to the Plat thereof, as recorded in Plat Book 97, Page 135, of the Public Records of Palm Beach County, Florida**<br><br>(the "Property")<br><br>Value of the Property: $180,000.00<br><br>Amount Owed on First Mortgage: $298,671.00<br><br>Value of Mortgagee's Interest in Property: $0.00 | n/a | $0.00 | n/a _ to ____<br>____ to ____ | $0.00<br><br>**Avoid lien in full** |

LF-77 (rev. 06/02/08)

The debtor(s) further state(s) that:

    1. Upon the filing of this motion, the debtor(s) reviewed the docket and claims register and state(s) that:

☐    no claims have been filed with respect to the debt that the collateral listed above secures; or

☐    the following claims have been filed with respect to the debt that the collateral listed above secures:

    2. The debtor(s):

☐    does not object to the following claims listed as filed in paragraph (1) above; (List)

☐    has, by separately filed document, objected to the following claims:

**NOTICE IS HEREBY GIVEN THAT:**

**1.** In accordance with the rules of this court, unless an objection is filed with the court and served upon the debtor, the debtor'(s) attorney, and the trustee Robin Weiner, at or before the hearing scheduled in this matter, the value of each ceditor's interest in the collateral may be established as the amount as stated in the plan and in this motion without further notice, hearing or order of the court. Pursuant to Local Rule 3015-3(A)(3), timely raised objections will be heard at the hearing scheduled on the motion.

**2.** Debtor(s) moves to determine the value of the Property at $180,000.00, the Second Mortgagee's secured status as being the holder of a secured claim in the amount of $0.00, and moves to wholly avoid the Second Mortgagee's lien.

**3.** The undersigned acknowledges that this motion and notice of hearing must be served pursuant to Bankruptcy Rule 7004 and Local Rule 3015-3 at least 20 days prior to the hearing date and that a certificate of service must be filed when the motion and notice of hearing are served.

                                        JORDAN E. BUBLICK, P.A.

                                        /s/ Jordan E. Bublick
                                        Jordan E. Bublick (Fla. Bar No. 381624)
                                        11645 Biscayne Blvd., Suite 208
                                        Miami, FL  33181-3158
                                        Telephone: (305) 891-4055
                                        Fax: (786) 264-3886
                                        Email: jbublick@bublicklaw.com

                                        *Attorney for the Debtor(s)*

CFN 20050244727
OR BK 18473 PG 1201
RECORDED 04/26/2005 10:10:55
Palm Beach County, Florida
AMT 85,000.00
Deed Doc 297.50
Intang 170.00
Sharon R. Bock, CLERK & COMPTROLLER
Pgs 1201 - 1209; (9pgs)

WHEN RECORDED MAIL TO:
SunTrust Bank

LABADY, EDWIGE

Record and Return To:
Integrated Loan Services
600-A N John Rodes Blvd.
Melbourne, FL 32934

546.10

This Mortgage prepared by:

Name: MAGDALENA VAZQUEZ- 20050811559080- ILS, FL-Orlando-9135
Company: SunTrust Bank
Address: 7455 Chancellor Drive, Orlando, FL 32809

# SUNTRUST

*60708971300001867DOT*

ILS

## MORTGAGE

### FOR USE WITH SECURED REVOLVING CREDIT AGREEMENT

**MAXIMUM LIEN.** The total amount of indebtedness secured by this Mortgage may decrease or increase from time to time, but the maximum amount of principal indebtedness which may be outstanding at any one time shall not exceed $85,000.00, plus interest, and amounts expended or advanced by Lender for the payment of taxes, levies or insurance on the Property, and interest on such amounts.

THIS MORTGAGE dated March 28, 2005, is made and executed between EDWIGE LABADY, whose address is 192 CATANIA WAY, WEST PALM BEACH, FL 33411 and YVES LABADY, WIFE AND HUSBAND, whose address is 192 CATANIA WAY, WEST PALM BEACH, FL 33411 (referred to below as "Grantor") and SunTrust Bank, whose address is 7455 Chancellor Drive, Orlando, FL 32809 (referred to below as "Lender").

**GRANT OF MORTGAGE.** For valuable consideration, Grantor mortgages to Lender all of Grantor's right, title, and interest in and to the following described real property, together with all existing or subsequently erected or affixed buildings, improvements and fixtures; all easements, rights of way, and appurtenances; all water, water rights, watercourses and ditch rights (including stock in utilities with ditch or irrigation rights); and all other rights, royalties, and profits relating to the real property, including without limitation all minerals, oil, gas, geothermal and similar matters, **(the "Real Property")** located in PALM BEACH County, State of Florida:

See the exhibit or other description document which is attached to this Mortgage and made a part of this Mortgage as if fully set forth herein.

The Real Property or its address is commonly known as 192 CATANIA WAY, WEST PALM BEACH, FL 33411.

**REVOLVING LINE OF CREDIT.** This Mortgage secures the Indebtedness including, without limitation, a revolving line of credit under which, upon request by Borrower, Lender, within twenty (20) years from the date of this Mortgage, may make future advances to Borrower. Such future advances, together with interest thereon, are secured by this Mortgage. Such advances may be made, repaid, and remade from time to time, subject to the limitation that the total outstanding balance owing at any one time, not including finance charges on such balance at a fixed or variable rate or sum as provided in the Credit Agreement, any temporary overages, other charges, and any amounts expended or advanced as provided in either the Indebtedness paragraph or this paragraph, shall not exceed the Credit Limit as provided in the Credit Agreement. It is the intention of Grantor and Lender that this Mortgage secures the balance outstanding under the Credit Agreement from time to time from zero up to the Credit Limit as provided in this Mortgage and any intermediate balance.

Grantor presently assigns to Lender all of Grantor's right, title, and interest in and to all present and future leases of the Property and all Rents from the Property. In addition, Grantor grants to Lender a Uniform Commercial Code security interest in the Personal Property and Rents.

THIS MORTGAGE, INCLUDING THE ASSIGNMENT OF RENTS AND THE SECURITY INTEREST IN THE RENTS AND PERSONAL PROPERTY, IS GIVEN TO SECURE (A) PAYMENT OF THE INDEBTEDNESS AND (B) PERFORMANCE OF EACH OF GRANTOR'S AGREEMENTS AND OBLIGATIONS UNDER THE CREDIT AGREEMENT WITH THE CREDIT LIMIT OF $85,000.00, THE RELATED DOCUMENTS, AND THIS MORTGAGE. THIS MORTGAGE IS GIVEN AND ACCEPTED ON THE FOLLOWING TERMS:

**GRANTOR'S WAIVERS.** Grantor waives all rights or defenses arising by reason of any "one action" or "anti-deficiency" law, or any other law which may prevent Lender from bringing any action against Grantor, including a claim for deficiency to the extent Lender is otherwise entitled to a claim for deficiency, before or after Lender's commencement or completion of any foreclosure action, either judicially or by exercise of a power of sale.

**GRANTOR'S REPRESENTATIONS AND WARRANTIES.** Grantor warrants that: (a) this Mortgage is executed at Borrower's request and not at the request of Lender; (b) Grantor has the full power, right, and authority to enter into this Mortgage and to hypothecate the Property; (c) the provisions of this Mortgage do not conflict with, or result in a default under any agreement or other instrument binding upon Grantor and do not result in a violation of any law, regulation, court decree or order applicable to Grantor; (d) Grantor has established adequate means of obtaining from Borrower on a continuing basis information about Borrower's financial condition; and (e) Lender has made no representation to Grantor about Borrower (including without limitation the creditworthiness of Borrower).

**PAYMENT AND PERFORMANCE.** Except as otherwise provided in this Mortgage, Borrower shall pay to Lender all Indebtedness secured by this Mortgage as it becomes due, and Borrower and Grantor shall strictly perform all Borrower's and Grantor's obligations under this Mortgage.

EXHIBIT

Loan No: 60708971300001867

**MORTGAGE**
**(Continued)**

Page 2

**POSSESSION AND MAINTENANCE OF THE PROPERTY.** Borrower and Grantor agree that Borrower's and Grantor's possession and use of the Property shall be governed by the following provisions:

**Possession and Use.** Until Grantor's interest in any or all of the Property is foreclosed, Grantor may (1) remain in possession and control of the Property; (2) use, operate or manage the Property; and (3) collect the Rents from the Property.

**Duty to Maintain.** Grantor shall maintain the Property in good condition and promptly perform all repairs, replacements, and maintenance necessary to preserve its value.

**Compliance With Environmental Laws.** Grantor represents and warrants to Lender that: (1) During the period of Grantor's ownership of the Property, there has been no use, generation, manufacture, storage, treatment, disposal, release or threatened release of any Hazardous Substance by any person on, under, about or from the Property; (2) Grantor has no knowledge of, or reason to believe that there has been, except as previously disclosed to and acknowledged by Lender in writing, (a) any breach or violation of any Environmental Laws, (b) any use, generation, manufacture, storage, treatment, disposal, release or threatened release of any Hazardous Substance on, under, about or from the Property by any prior owners or occupants of the Property, or (c) any actual or threatened litigation or claims of any kind by any person relating to such matters; and (3) Except as previously disclosed to and acknowledged by Lender in writing, (a) neither Grantor nor any tenant, contractor, agent or other authorized user of the Property shall use, generate, manufacture, store, treat, dispose of or release any Hazardous Substance on, under, about or from the Property; and (b) any such activity shall be conducted in compliance with all applicable federal, state, and local laws, regulations and ordinances, including without limitation all Environmental Laws. Grantor authorizes Lender and its agents to enter upon the Property to make such inspections and tests, at Grantor's expense, as Lender may deem appropriate to determine compliance of the Property with this section of the Mortgage. Any inspections or tests made by Lender shall be for Lender's purposes only and shall not be construed to create any responsibility or liability on the part of Lender to Grantor or to any other person. The representations and warranties contained herein are based on Grantor's due diligence in investigating the Property for Hazardous Substances. Grantor hereby (1) releases and waives any future claims against Lender for indemnity or contribution in the event Grantor becomes liable for cleanup or other costs under any such laws; and (2) agrees to indemnify and hold harmless Lender against any and all claims, losses, liabilities, damages, penalties, and expenses which Lender may directly or indirectly sustain or suffer resulting from a breach of this section of the Mortgage or as a consequence of any use, generation, manufacture, storage, disposal, release or threatened release occurring prior to Grantor's ownership or interest in the Property, whether or not the same was or should have been known to Grantor. The provisions of this section of the Mortgage, including the obligation to indemnify, shall survive the payment of the Indebtedness and the satisfaction and reconveyance of the lien of this Mortgage and shall not be affected by Lender's acquisition of any interest in the Property, whether by foreclosure or otherwise.

Without otherwise limiting Grantor's covenants as provided herein, Grantor shall not without Lender's prior written consent, remove or permit the removal of sand, gravel or topsoil, or engage in borrow pit operations, or use or permit the use of the Property as a land fill or dump, or store, burn or bury or permit the storage, burning or burying of any material or product which may result in contamination of the Property or the groundwater or which may require the issuance of a permit by the Environmental Protection Agency or any state or local government agency governing the issuance of hazardous or toxic waste permits, or request or permit a change in zoning or land use classification, or cut or remove or suffer the cutting or removal of any trees or timber from the Property.

At its sole cost and expense, Grantor shall comply with and shall cause all occupants of the Property to comply with all Environmental Laws with respect to the disposal of industrial refuse or waste, and/or the discharge, processing, manufacture, generation, treatment, removal, transportation, storage and handling of Hazardous Substances, and pay immediately when due the cost of removal of any such wastes or substances from, and keep the Property free of any lien imposed pursuant to such laws, rules, regulations and orders.

Grantor shall not install or permit to be installed in or on the Property, friable asbestos or any substance containing asbestos and deemed hazardous by federal, state or local laws, rules, regulations or orders respecting such material. Grantor shall further not install or permit the installation of any machinery, equipment or fixtures containing polychlorinated biphemyls (PCBs) on or in the Property. With respect to any such material or materials currently present in or on the Property, Grantor shall promptly comply with all applicable Environmental Laws regarding the safe removal thereof, at Grantor's expense.

Grantor shall indemnify Lender and hold Lender harmless from and against all loss, cost, damage and expense (including, without limitation, attorneys' fees and costs incurred in the investigation, defense and settlement of claims) that Lender may incur as a result of or in connection with the assertion against Lender of any claim relating to the presence or removal of any Hazardous Substance, or compliance with any Environmental Law. No notice from any governmental body has ever been served upon Grantor or, to Grantor's knowledge after due inquiry, upon any prior owner of the Property, claiming a violation of or under any Environmental Law or concerning the environmental state, condition or quality of the Property, or the use thereof, or requiring or calling attention to the need for any work, repairs, construction, removal, cleanup, alterations, demolition, renovation or installation on, or in connection with, the Property in order to comply with any Environmental Law; and upon receipt of any such notice, Grantor shall take any and all steps, and shall perform any and all actions necessary or appropriate to comply with the same, at Grantor's expense. In the event Grantor fails to do so, Lender may declare this Mortgage to be in default.

**Nuisance, Waste.** Grantor shall not cause, conduct or permit any nuisance nor commit, permit, or suffer any stripping of or waste on or to the Property or any portion of the Property. Without limiting the generality of the foregoing, Grantor will not remove, or grant to any other party the right to remove, any timber, minerals (including oil and gas), coal, clay, scoria, soil, gravel or rock products without Lender's prior written consent.

**Removal of Improvements.** Grantor shall not demolish or remove any Improvements from the Real Property without Lender's prior written consent. As a condition to the removal of any Improvements, Lender may require Grantor to make arrangements satisfactory to Lender to replace such Improvements with Improvements of at least equal value.

**Lender's Right to Enter.** Lender and Lender's agents and representatives may enter upon the Real Property at all reasonable times to attend to Lender's interests and to inspect the Real Property for purposes of Grantor's compliance with the terms and conditions of this Mortgage.

**Subsequent Liens.** Grantor shall not allow any subsequent liens or mortgages on all or any portion of the Property without the prior written consent of Lender.

**Compliance with Governmental Requirements.** Grantor shall promptly comply with all laws, ordinances, and regulations, now or hereafter in effect, of all governmental authorities applicable to the use or occupancy of the Property. Grantor may contest in good faith any such law, ordinance, or regulation and withhold compliance during any proceeding, including appropriate appeals, so long as Grantor has notified Lender in writing prior to doing so and so long as, in Lender's sole opinion, Lender's interests in the Property are not jeopardized. Lender may require Grantor to post adequate security or a surety bond, reasonably satisfactory to Lender, to protect Lender's interest.

**Duty to Protect.** Grantor agrees neither to abandon or leave unattended the Property. Grantor shall do all other acts, in addition to those acts set forth above in this section, which from the character and use of the Property are reasonably necessary to protect and preserve the Property.

**DUE ON SALE - CONSENT BY LENDER.** Lender may, at Lender's option, declare immediately due and payable all sums secured by this Mortgage upon the sale or transfer, without Lender's prior written consent, of all or any part of the Real Property, or any interest in the Real Property. A "sale or transfer" means the conveyance of Real Property or any right, title or interest in the Real Property; whether legal, beneficial or equitable; whether voluntary or involuntary; whether by outright sale, deed, installment sale contract, land contract, contract for deed, leasehold interest with a term greater than three (3) years, lease-option contract, or by sale, assignment, or transfer of any beneficial interest in or to any land trust holding title to the Real Property, or by any other method of conveyance of an interest in the Real Property. However, this option shall not be exercised by Lender if such exercise is prohibited by federal law or by Florida law.

**TAXES AND LIENS.** The following provisions relating to the taxes and liens on the Property are part of this Mortgage:

Loan No: 60708971300001867 | **MORTGAGE (Continued)** | Page 3

---

**Payment.** Grantor shall pay when due (and in all events prior to delinquency) all taxes, payroll taxes, special taxes, assessments, water charges and sewer service charges levied against or on account of the Property, and shall pay when due all claims for work done on or for services rendered or material furnished to the Property. Grantor shall maintain the Property free of any liens having priority over or equal to the interest of Lender under this Mortgage, except for the Existing Indebtedness referred to in this Mortgage or those liens specifically agreed to in writing by Lender, and except for the lien of taxes and assessments not due as further specified in the Right to Contest paragraph.

**Right to Contest.** Grantor may withhold payment of any tax, assessment, or claim in connection with a good faith dispute over the obligation to pay, so long as Lender's interest in the Property is not jeopardized. If a lien arises or is filed as a result of nonpayment, Grantor shall within fifteen (15) days after the lien arises or, if a lien is filed, within fifteen (15) days after Grantor has notice of the filing, secure the discharge of the lien, or if requested by Lender, deposit with Lender cash or a sufficient corporate surety bond or other security satisfactory to Lender in an amount sufficient to discharge the lien plus any costs and reasonable attorneys' fees, or other charges that could accrue as a result of a foreclosure or sale under the lien. In any contest, Grantor shall defend itself and Lender and shall satisfy any adverse judgment before enforcement against the Property. Grantor shall name Lender as an additional obligee under any surety bond furnished in the contest proceedings.

**Evidence of Payment.** Grantor shall upon demand furnish to Lender satisfactory evidence of payment of the taxes or assessments and shall authorize the appropriate governmental official to deliver to Lender at any time a written statement of the taxes and assessments against the Property.

**Notice of Construction.** Grantor shall notify Lender at least fifteen (15) days before any work is commenced, any services are furnished, or any materials are supplied to the Property, if any mechanic's lien, materialmen's lien, or other lien could be asserted on account of the work, services, or materials. Grantor will upon request of Lender furnish to Lender advance assurances satisfactory to Lender that Grantor can and will pay the cost of such improvements.

**PROPERTY DAMAGE INSURANCE.** The following provisions relating to insuring the Property are a part of this Mortgage:

**Maintenance of Insurance.** Grantor shall procure and maintain policies of fire insurance with standard extended coverage endorsements on a replacement basis for the full insurable value covering all Improvements on the Real Property in an amount sufficient to avoid application of any coinsurance clause, and with a standard mortgagee clause in favor of Lender. Policies shall be written by such insurance companies and in such form as may be reasonably acceptable to Lender. Grantor shall deliver to Lender certificates of coverage from each insurer containing a stipulation that coverage will not be cancelled or diminished without a minimum of ten (10) days' prior written notice to Lender and not containing any disclaimer of the insurer's liability for failure to give such notice. Each insurance policy also shall include an endorsement providing that coverage in favor of Lender will not be impaired in any way by any act, omission or default of Grantor or any other person. Should the Real Property be located in an area designated by the Director of the Federal Emergency Management Agency as a special flood hazard area, Grantor agrees to obtain and maintain Federal Flood Insurance, if available, within 45 days after notice is given by Lender that the Property is located in a special flood hazard area, for the full unpaid principal balance of the loan and any prior liens on the property securing the loan, up to the maximum policy limits set under the National Flood Insurance Program, or as otherwise required by Lender, and to maintain such insurance for the term of the loan.

**Application of Proceeds.** Grantor shall promptly notify Lender of any loss or damage to the Property. Lender may make proof of loss if Grantor fails to do so within fifteen (15) days of the casualty. Whether or not Lender's security is impaired, Lender may, at Lender's election, receive and retain the proceeds of any insurance and apply the proceeds to the reduction of the Indebtedness, payment of any lien affecting the Property, or the restoration and repair of the Property. If Lender elects to apply the proceeds to restoration and repair, Grantor shall repair or replace the damaged or destroyed Improvements in a manner satisfactory to Lender. Lender shall, upon satisfactory proof of such expenditure, pay or reimburse Grantor from the proceeds for the reasonable cost of repair or restoration if Grantor is not in default under this Mortgage. Any proceeds which have not been disbursed within 180 days after their receipt and which Lender has not committed to the repair or restoration of the Property shall be used first to pay any amount owing to Lender under this Mortgage, then to pay accrued interest, and the remainder, if any, shall be applied to the principal balance of the Indebtedness. If Lender holds any proceeds after payment in full of the Indebtedness, such proceeds shall be paid to Grantor as Grantor's interests may appear.

**Unexpired Insurance at Sale.** Any unexpired insurance shall inure to the benefit of, and pass to, the purchaser of the Property covered by this Mortgage at any trustee's sale or other sale held under the provisions of this Mortgage, or at any foreclosure sale of such Property.

**Compliance with Existing Indebtedness.** During the period in which any Existing Indebtedness described below is in effect, compliance with the insurance provisions contained in the instrument evidencing such Existing Indebtedness shall constitute compliance with the insurance provisions under this Mortgage, to the extent compliance with the terms of this Mortgage would constitute a duplication of insurance requirement. If any proceeds from the insurance become payable on loss, the provisions in this Mortgage for division of proceeds shall apply only to that portion of the proceeds not payable to the holder of the Existing Indebtedness.

**LENDER'S EXPENDITURES.** If Grantor fails (A) to keep the Property free of all taxes, liens, security interests, encumbrances, and other claims, (B) to provide any required insurance on the Property, (C) to make repairs to the Property or to comply with any obligation to maintain Existing Indebtedness in good standing as required below, then Lender may do so. If any action or proceeding is commenced that would materially affect Lender's interests in the Property, then Lender on Grantor's behalf may, but is not required to, take any action that Lender believes to be appropriate to protect Lender's interests. All expenses incurred or paid by Lender for such purposes will then bear interest at the rate charged under the Credit Agreement from the date incurred or paid by Lender to the date of repayment by Grantor. All such expenses will become a part of the Indebtedness and, at Lender's option, will (A) be payable on demand; (B) be added to the balance of the Credit Agreement and be apportioned among and be payable with any installment payments to become due during either (1) the term of any applicable insurance policy; or (2) the remaining term of the Credit Agreement; or (C) be treated as a balloon payment which will be due and payable at the Credit Agreement's maturity. The Mortgage also will secure payment of these amounts. The rights provided for in this paragraph shall be in addition to any other rights or any remedies to which Lender may be entitled on account of any default. Any such action by Lender shall not be construed as curing the default so as to bar Lender from any remedy that it otherwise would have had.

**WARRANTY; DEFENSE OF TITLE.** The following provisions relating to ownership of the Property are a part of this Mortgage:

**Title.** Grantor warrants that: (a) Grantor holds good and marketable title of record to the Property in fee simple, free and clear of all liens and encumbrances other than those set forth in the Real Property description or in the Existing Indebtedness section below or in any title insurance policy, title report, or final title opinion issued in favor of, and accepted by, Lender in connection with this Mortgage, and (b) Grantor has the full right, power, and authority to execute and deliver this Mortgage to Lender.

**Defense of Title.** Subject to the exception in the paragraph above, Grantor warrants and will forever defend the title to the Property against the lawful claims of all persons. In the event any action or proceeding is commenced that questions Grantor's title or the interest of Lender under this Mortgage, Grantor shall defend the action at Grantor's expense. Grantor may be the nominal party in such proceeding, but Lender shall be entitled to participate in the proceeding and to be represented in the proceeding by counsel of Lender's own choice, and Grantor will deliver, or cause to be delivered, to Lender such instruments as Lender may request from time to time to permit such participation.

**Compliance With Laws.** Grantor warrants that the Property and Grantor's use of the Property complies with all existing applicable laws, ordinances, and regulations of governmental authorities.

**Survival of Promises.** All promises, agreements, and statements Grantor has made in this Mortgage shall survive the execution and delivery of this Mortgage, shall be continuing in nature and shall remain in full force and effect until such time as Borrower's Indebtedness is paid in full.

| Loan No: 60708971300001867 | MORTGAGE<br>(Continued) | Page 4 |
|---|---|---|

**EXISTING INDEBTEDNESS.** The following provisions concerning Existing Indebtedness are a part of this Mortgage:

**Existing Lien.** The lien of this Mortgage securing the Indebtedness may be secondary and inferior to the lien securing payment of an existing obligation. The existing obligation has a current principal balance of approximately $224000.00. Grantor expressly covenants and agrees to pay, or see to the payment of, the Existing Indebtedness and to prevent any default on such indebtedness, any default under the instruments evidencing such indebtedness, or any default under any security documents for such indebtedness.

**No Modification.** Grantor shall not enter into any agreement with the holder of any mortgage, deed of trust, or other security agreement which has priority over this Mortgage by which that agreement is modified, amended, extended, or renewed without the prior written consent of Lender. Grantor shall neither request nor accept any future advances under any such security agreement without the prior written consent of Lender.

**CONDEMNATION.** The following provisions relating to condemnation proceedings are a part of this Mortgage:

**Notice of Proceedings.** Grantor shall immediately notify Lender in writing should all or any part of the Property become subject to any condemnation or expropriation proceedings or other similar proceedings, including without limitation, any condemnation, confiscation, eminent domain, inverse condemnation or temporary requisition or taking of the mortgaged Property, or any part or parts of the Property. Grantor further agrees to promptly take such steps as may be necessary and proper within Lender's sole judgment and at Grantor's expense, to defend any such condemnation or expropriation proceedings and obtain the proceeds derived from such proceedings. Grantor shall not agree to any settlement or compromise of any condemnation or expropriation claim without Lender's prior written consent.

**Lender's Participation.** Lender may, at Lender's sole option, elect to participate in any such condemnation or expropriation proceedings and be represented by counsel of Lender's choice. Grantor agrees to provide Lender with such documentation as Lender may request to permit Lender to so participate and to reimburse Lender for Lender's costs associated with Lender's participation, including Lender's reasonable attorneys' fees.

**Conduct of Proceedings.** If Grantor fails to defend any such condemnation or expropriation proceedings to Lender's satisfaction, Lender may undertake the defense of such a proceeding for and on behalf of Grantor. To this end, Grantor irrevocably appoints Lender as Grantor's agent and attorney-in-fact, such agency being coupled with an interest, to bring, defend, adjudicate, settle, or otherwise compromise such condemnation or expropriation claims; it being understood, however, that, unless one or more Events of Default (other than the condemnation or expropriation of the Property) then exists under this Mortgage, Lender will not agree to any final settlement or compromise of any such condemnation or expropriation claim without Grantor's prior approval, which approval shall not be unreasonably withheld.

**Application of Net Proceeds.** Lender shall have the right to receive all proceeds derived or to be derived from the condemnation, expropriation, confiscation, eminent domain, inverse condemnation, or any permanent or temporary requisition or taking of the Property, or any part or parts of the Property ("condemnation proceeds"). In the event that Grantor should receive any such condemnation proceeds, Grantor agrees to immediately turn over and to pay such proceeds to Lender. All condemnation proceeds, which are received by, or which are payable to either Grantor or Lender, shall be applied, at Lender's sole option and discretion, and in such manner as Lender may determine (after payment of all reasonable costs, expenses and attorneys' fees necessarily paid or incurred by Grantor and/or Lender), for the purpose of (a) replacing or restoring the condemned, expropriated, confiscated, or taken Property; or (b) reducing the then outstanding balance of the Indebtedness, together with interest thereon, with such payments being applied in the manner provided in this Mortgage. Lender's receipt of such condemnation proceeds and the application of such proceeds as provided in this Mortgage shall not affect the lien of this Mortgage.

**IMPOSITION OF TAXES, FEES AND CHARGES BY GOVERNMENTAL AUTHORITIES.** The following provisions relating to governmental taxes, fees and charges are a part of this Mortgage:

**Current Taxes, Fees and Charges.** Upon request by Lender, Grantor shall execute such documents in addition to this Mortgage and take whatever other action is requested by Lender to perfect and continue Lender's lien on the Real Property. Grantor shall reimburse Lender for all taxes, as described below, together with all expenses incurred in recording, perfecting or continuing this Mortgage, including without limitation all intangible personal property taxes, documentary stamp taxes, fees, and other charges for recording or registering this Mortgage.

**Taxes.** The following shall constitute taxes to which this section applies: (1) a specific tax, including without limitation an intangible personal property tax, upon this type of Mortgage or upon all or any part of the Indebtedness secured by this Mortgage; (2) a specific tax on Borrower which Borrower is authorized or required to deduct from payments on the Indebtedness secured by this type of Mortgage; (3) a tax on this type of Mortgage chargeable against the Lender or the holder of the Credit Agreement; and (4) a specific tax on all or any portion of the Indebtedness or on payments of principal and interest made by Borrower.

**Subsequent Taxes.** If any tax to which this section applies is enacted subsequent to the date of this Mortgage, this event shall have the same effect as an Event of Default, and Lender may exercise any or all of its available remedies for an Event of Default as provided below unless Grantor either (1) pays the tax before it becomes delinquent; or (2) contests the tax as provided above in the Taxes and Liens section and deposits with Lender cash or a sufficient corporate surety bond or other security satisfactory to Lender.

**SECURITY AGREEMENT; FINANCING STATEMENTS.** The following provisions relating to this Mortgage as a security agreement are a part of this Mortgage:

**Security Agreement.** This instrument shall constitute a Security Agreement to the extent any of the Property constitutes fixtures, and Lender shall have all of the rights of a secured party under the Uniform Commercial Code as amended from time to time.

**Security Interest.** Upon request by Lender, Grantor shall take whatever action is requested by Lender to perfect and continue Lender's security interest in the Personal Property. In addition to recording this Mortgage in the real property records, Lender may, at any time and without further authorization from Grantor, file executed counterparts, copies or reproductions of this Mortgage as a financing statement. Grantor shall reimburse Lender for all expenses incurred in perfecting or continuing this security interest. Upon default, Grantor shall not remove, sever or detach the Personal Property from the Property. Upon default, Grantor shall assemble any Personal Property not affixed to the Property in a manner and at a place reasonably convenient to Grantor and Lender and make it available to Lender within three (3) days after receipt of written demand from Lender to the extent permitted by applicable law.

**Addresses.** The mailing addresses of Grantor (debtor) and Lender (secured party) from which information concerning the security interest granted by this Mortgage may be obtained (each as required by the Uniform Commercial Code) are as stated on the first page of this Mortgage.

**FURTHER ASSURANCES; ATTORNEY-IN-FACT.** The following provisions relating to further assurances and attorney-in-fact are a part of this Mortgage:

**Further Assurances.** At any time, and from time to time, upon request of Lender, Grantor will make, execute and deliver, or will cause to be made, executed or delivered, to Lender or to Lender's designee, and when requested by Lender, cause to be filed, recorded, refiled, or rerecorded, as the case may be, at such times and in such offices and places as Lender may deem appropriate, any and all such mortgages, deeds of trust, security deeds, security agreements, financing statements, continuation statements, instruments of further assurance, certificates, and other documents as may, in the sole opinion of Lender, be necessary or desirable in order to effectuate, complete, perfect, continue, or preserve (1) Borrower's and Grantor's obligations under the Credit Agreement, this Mortgage, and the Related Documents, and (2) the liens and security interests created by this Mortgage on the Property, whether now owned or hereafter acquired by Grantor. Unless prohibited by law or Lender agrees to the contrary in writing, Grantor shall reimburse Lender for all costs and expenses incurred in connection with the matters referred to in this paragraph.

**Attorney-in-Fact.** If Grantor fails to do any of the things referred to in the preceding paragraph, Lender may do so for and in the name of Grantor and at Grantor's expense. For such purposes, Grantor hereby irrevocably appoints Lender as Grantor's attorney-in-fact for the purpose of making, executing, delivering, filing, recording, and doing all other things as may be necessary or desirable, in Lender's

Loan No: 60708971300001867

**MORTGAGE
(Continued)**

Page 5

sole opinion, to accomplish the matters referred to in the preceding paragraph.

**FULL PERFORMANCE.** If Borrower pays all the Indebtedness when due, terminates the credit line account, and otherwise performs all the obligations imposed upon Grantor under this Mortgage, Lender shall execute and deliver to Grantor a suitable satisfaction of this Mortgage and suitable statements of termination of any financing statement on file evidencing Lender's security interest in the Rents and the Personal Property. Grantor will pay, if permitted by applicable law, any reasonable termination fee as determined by Lender from time to time.

**EVENTS OF DEFAULT.** Grantor will be in default under this Mortgage if any of the following happen: (A) Grantor commits fraud or makes a material misrepresentation at any time in connection with the Credit Agreement. This can include, for example, a false statement about Borrower's or Grantor's income, assets, liabilities, or any other aspects of Borrower's or Grantor's financial condition. (B) Borrower does not meet the repayment terms of the Credit Agreement. (C) Grantor's action or inaction adversely affects the collateral or Lender's rights in the collateral. This can include, for example, failure to maintain required insurance, waste or destructive use of the dwelling, failure to pay taxes, death of all persons liable on the account, transfer of title or sale of the dwelling, creation of a senior lien on the dwelling without Lender's permission, foreclosure by the holder of another lien, or the use of funds or the dwelling for prohibited purposes.

**RIGHTS AND REMEDIES ON DEFAULT.** Upon the occurrence of an Event of Default and at any time thereafter, Lender, at Lender's option, may exercise any one or more of the following rights and remedies, in addition to any other rights or remedies provided by law:

**Accelerate Indebtedness.** Lender shall have the right at its option without notice to Grantor to declare the entire Indebtedness immediately due and payable, including any prepayment penalty which Grantor would be required to pay.

**UCC Remedies.** With respect to all or any part of the Personal Property, Lender shall have all the rights and remedies of a secured party under the Uniform Commercial Code.

**Appoint Receiver.** Lender shall have the right to have a receiver appointed to take possession of all or any part of the Property, with the power to protect and preserve the Property, to operate the Property preceding foreclosure or sale, and to collect the Rents from the Property and apply the proceeds, over and above the cost of the receivership, against the Indebtedness. The receiver may serve without bond if permitted by law. Lender's right to the appointment of a receiver shall exist whether or not the apparent value of the Property exceeds the Indebtedness by a substantial amount. Employment by Lender shall not disqualify a person from serving as a receiver.

**Judicial Foreclosure.** Lender may obtain a judicial decree foreclosing Grantor's interest in all or any part of the Property.

**Deficiency Judgment.** If permitted by applicable law, Lender may obtain a judgment for any deficiency remaining in the Indebtedness due to Lender after application of all amounts received from the exercise of the rights provided in this section.

**Tenancy at Sufferance.** If Grantor remains in possession of the Property after the Property is sold as provided above or Lender otherwise becomes entitled to possession of the Property upon default of Grantor, Grantor shall become a tenant at sufferance of Lender or the purchaser of the Property and shall, at Lender's option, either (1) pay a reasonable rental for the use of the Property, or (2) vacate the Property immediately upon the demand of Lender.

**Other Remedies.** Lender shall have all other rights and remedies provided in this Mortgage or the Credit Agreement or available at law or in equity.

**Sale of the Property.** To the extent permitted by applicable law, Borrower and Grantor hereby waives any and all right to have the Property marshalled. In exercising its rights and remedies, Lender shall be free to sell all or any part of the Property together or separately, in one sale or by separate sales. Lender shall be entitled to bid at any public sale on all or any portion of the Property.

**Notice of Sale.** Lender will give Grantor reasonable notice of the time and place of any public sale of the Personal Property or of the time after which any private sale or other intended disposition of the Personal Property is to be made. Reasonable notice shall mean notice given at least ten (10) days before the time of the sale or disposition. Any sale of the Personal Property may be made in conjunction with any sale of the Real Property.

**Election of Remedies.** All of Lender's rights and remedies will be cumulative and may be exercised alone or together. An election by Lender to choose any one remedy will not bar Lender from using any other remedy. If Lender decides to spend money or to perform any of Grantor's obligations under this Mortgage, after Grantor's failure to do so, that decision by Lender will not affect Lender's right to declare Grantor in default and to exercise Lender's remedies.

**Attorneys' Fees; Expenses.** If Lender institutes any suit or action to enforce any of the terms of this Mortgage, Lender shall be entitled to recover such sum as the court may adjudge reasonable as attorneys' fees at trial and upon any appeal. Whether or not any court action is involved, and to the extent not prohibited by law, all reasonable expenses Lender incurs that in Lender's opinion are necessary at any time for the protection of its interest or the enforcement of its rights shall become a part of the Indebtedness payable on demand and shall bear interest at the Credit Agreement rate from the date of the expenditure until repaid. Expenses covered by this paragraph include, without limitation, however subject to any limits under applicable law, Lender's reasonable attorneys' fees and Lender's legal expenses, whether or not there is a lawsuit, including reasonable attorneys' fees and expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction), appeals, and any anticipated post-judgment collection services, the cost of searching records, obtaining title reports (including foreclosure reports), surveyors' reports, and appraisal fees and title insurance, to the extent permitted by applicable law. Grantor also will pay any court costs, in addition to all other sums provided by law.

**NOTICES.** Any notice required to be given under this Mortgage, including without limitation any notice of default and any notice of sale shall be given in writing, and shall be effective when actually delivered, when actually received by telefacsimile (unless otherwise required by law), when deposited with a nationally recognized overnight courier, or, if mailed, when deposited in the United States mail, as first class, certified or registered mail postage prepaid, directed to the addresses shown near the beginning of this Mortgage. Any person may change his or her address for notices under this Mortgage by giving written notice to the other person or persons, specifying that the purpose of the notice is to change the person's address. For notice purposes, Grantor agrees to keep Lender informed at all times of Grantor's current address. Unless otherwise provided or required by law, if there is more than one Grantor, any notice given by Lender to any Grantor is deemed to be notice given to all Grantors. It will be Grantor's responsibility to tell the others of the notice from Lender.

**LOSS OF PRIORITY AS TO FUTURE ADVANCES.** If you request a modification of the Security Instrument or if a judgment lien or other lien is placed against the Property with the result in either case that our security interest in the Property loses priority as to future advances over subsequently recorded deeds of trust, or other liens, we shall have the right to suspend additional extensions of credit or reduce your credit limit as well as the right to exercise our other rights under this agreement.

**MATURITY DATE.** The maturity date of the obligations secured by this Security Instrument is 20 years from the date of this Security Instrument, as first stated above.

**ARBITRATION CLAUSE.** Upon the demand of either party hereto, any action, claim, dispute, or controversy arising from or relating to this agreement or the relationships which result from this agreement (hereinafter "Claim" or "Claims"), including Claims by either party against the employees, officers, directors, agents, successors, heirs, or assigns of the other party, including Claims regarding the applicability, interpretation, or validity of this arbitration clause and/or the underlying agreement, shall be resolved by individual (not class or class-wide) binding arbitration, except as specifically provided herein. The individual arbitration proceedings shall be governed by the rules, procedures and fees of the National Arbitration Forum or the American Arbitration Association in effect at the time the Claim is made or filed. Borrower has the right to select which of these arbitration forums to use, but if Borrower does not make a timely selection, Lender may make the choice. Any arbitration hearing will take place at a location reasonably convenient to Borrower. At Borrower's written request, Lender or the holder of the promissory note or this agreement will advance any arbitration filing fee or administrative and hearing fees which Borrower is required to pay to pursue a Claim subject to the arbitrator ultimately deciding who must be responsible for paying those fees. In no event will Borrower be required to reimburse Lender or the holder of the promissory note or this agreement for any filing, administrative or hearing fees in an amount greater than what the costs would have been had the Claim been resolved in a court with

Loan No: 60708971300001867

**MORTGAGE
(Continued)**

Page 6

jurisdiction. The parties agree that the arbitrator shall have all powers provided by law and this agreement. These powers include all legal and equitable remedies, including but not limited to the power to decide money damages and issue declaratory or injunctive relief. Judgment upon an arbitration award may be entered in any court having jurisdiction. A demand for arbitration may be made before or after the beginning of any legal proceeding; however, any demand made after the initiation of a legal proceeding must be made within sixty (60) days following the service of a complaint, third-party complaint, cross-claim, or counterclaim.

The parties acknowledge and agree that this agreement to arbitrate is made pursuant to a transaction involving interstate commerce, and shall be governed by the Federal Arbitration Act, 9 U.S.C. Sections 1-16, as it may be amended. THE PARTIES VOLUNTARILY AND KNOWINGLY WAIVE ANY RIGHT OR OPPORTUNITY TO INDIVIDUALLY, OR AS PART OF A CLASS ACTION, LITIGATE CLAIMS IN COURT REGARDING THIS AGREEMENT OR THIS ARBITRATION CLAUSE AND CHOOSE INDIVIDUAL (NOT CLASS) BINDING ARBITRATION TO RESOLVE ALL CLAIMS AND SHALL INCLUDE NO OTHER (EVEN IDENTICAL) DISPUTE WITH ANOTHER CUSTOMER OR BORROWER, EXCEPT AS SPECIFICALLY PROVIDED HEREIN.

This arbitration agreement, unless prohibited by applicable law, applies to all Claims specified above, whether now in existence or arising in the future and shall survive the voluntary payment of debt in full, any bankruptcy, or sale of the debt, EXCEPT nothing in this arbitration agreement shall be construed to prevent either party from using self-help repossession, replevin, judicial or non-judicial foreclosure or any other form of relief allowed by law to enforce a security interest. The institution and maintenance of such litigation shall not constitute a waiver of the right of any party to compel arbitration regarding any other dispute or remedy subject to arbitration pursuant to this arbitration agreement.

**MISCELLANEOUS PROVISIONS.** The following miscellaneous provisions are a part of this Mortgage:

**Amendments.** What is written in this Mortgage and in the Related Documents is Grantor's entire agreement with Lender concerning the matters covered by this Mortgage. To be effective, any change or amendment to this Mortgage must be in writing and must be signed by whoever will be bound or obligated by the change or amendment.

**Caption Headings.** Caption headings in this Mortgage are for convenience purposes only and are not to be used to interpret or define the provisions of this Mortgage.

**Governing Law.** This Mortgage will be governed by and interpreted in accordance with federal law and the laws of the State of Florida. This Mortgage has been accepted by Lender in the State of Florida.

**Joint and Several Liability.** All obligations of Borrower and Grantor under this Mortgage shall be joint and several, and all references to Grantor shall mean each and every Grantor, and all references to Borrower shall mean each and every Borrower. This means that each Borrower and Grantor signing below is responsible for all obligations in this Mortgage.

**No Waiver by Lender.** Grantor understands Lender will not give up any of Lender's rights under this Mortgage unless Lender does so in writing. The fact that Lender delays or omits to exercise any right will not mean that Lender has given up that right. If Lender does agree in writing to give up one of Lender's rights, that does not mean Grantor will not have to comply with the other provisions of this Mortgage. Grantor also understands that if Lender does consent to a request, that does not mean that Grantor will not have to get Lender's consent again if the situation happens again. Grantor further understands that just because Lender consents to one or more of Grantor's requests, that does not mean Lender will be required to consent to any of Grantor's future requests. Grantor waives presentment, demand for payment, protest, and notice of dishonor.

**Severability.** If a court finds that any provision of this Mortgage is not valid or should not be enforced, that fact by itself will not mean that the rest of this Mortgage will not be valid or enforced. Therefore, a court will enforce the rest of the provisions of this Mortgage even if a provision of this Mortgage may be found to be invalid or unenforceable.

**Non-Liability of Lender.** The relationship between Borrower and Grantor and Lender created by this Mortgage is strictly a debtor and creditor relationship and not fiduciary in nature, nor is the relationship to be construed as creating any partnership or joint venture between Lender and Borrower and Grantor. Borrower and Grantor are exercising Borrower's and Grantor's own judgement with respect to Borrower's and Grantor's business. All information supplied to Lender is for Lender's protection only and no other party is entitled to rely on such information. There is no duty for Lender to review, inspect, supervise or inform Borrower and Grantor of any matter with respect to Borrower's and Grantor's business. Lender and Borrower and Grantor intend that Lender may reasonably rely on all information supplied by Borrower and Grantor to Lender, together with all representations and warranties given by Borrower and Grantor to Lender, without investigation or confirmation by Lender and that any investigation or failure to investigate will not diminish Lender's right to so rely.

**Merger.** There shall be no merger of the interest or estate created by this Mortgage with any other interest or estate in the Property at any time held by or for the benefit of Lender in any capacity, without the written consent of Lender.

**Successors and Assigns.** Subject to any limitations stated in this Mortgage on transfer of Grantor's interest, this Mortgage shall be binding upon and inure to the benefit of the parties, their successors and assigns. If ownership of the Property becomes vested in a person other than Grantor, Lender, without notice to Grantor, may deal with Grantor's successors with reference to this Mortgage and the Indebtedness by way of forbearance or extension without releasing Grantor from the obligations of this Mortgage or liability under the Indebtedness.

**Time is of the Essence.** Time is of the essence in the performance of this Mortgage.

**DEFINITIONS.** The following words shall have the following meanings when used in this Mortgage:

**Borrower.** The word "Borrower" means YVES LABADY and EDWIGE LABADY and includes all co-signers and co-makers signing the Credit Agreement.

**Credit Agreement.** The words "Credit Agreement" mean the credit agreement dated March 28, 2005, **with credit limit of $85,000.00** from Borrower to Lender, together with all renewals of, extensions of, modifications of, refinancings of, consolidations of, and substitutions for the promissory note or agreement. **NOTICE TO GRANTOR: THE CREDIT AGREEMENT CONTAINS A VARIABLE INTEREST RATE.**

**Environmental Laws.** The words "Environmental Laws" mean any and all state, federal and local statutes, regulations and ordinances relating to the protection of human health or the environment, including without limitation the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, 42 U.S.C. Section 9601, et seq. ("CERCLA"), the Superfund Amendments and Reauthorization Act of 1986, Pub. L. No. 99-499 ("SARA"), the Hazardous Materials Transportation Act, 49 U.S.C. Section 1801, et seq., the Resource Conservation and Recovery Act, 42 U.S.C. Section 6901, et seq., or other applicable state or federal laws, rules, or regulations adopted pursuant thereto.

**Event of Default.** The words "Event of Default" mean individually, collectively, and interchangeably any of the events of default set forth in this Mortgage in the events of default section of this Mortgage.

**Existing Indebtedness.** The words "Existing Indebtedness" mean the indebtedness described in the Existing Liens provision of this Mortgage.

**Grantor.** The word "Grantor" means EDWIGE LABADY and YVES LABADY.

**Hazardous Substances.** The words "Hazardous Substances" mean materials that, because of their quantity, concentration or physical, chemical or infectious characteristics, may cause or pose a present or potential hazard to human health or the environment when improperly used, treated, stored, disposed of, generated, manufactured, transported or otherwise handled. The words "Hazardous Substances" are used in their very broadest sense and include without limitation any and all hazardous or toxic substances, materials or waste as defined by or listed under the Environmental Laws. The term "Hazardous Substances" also includes, without limitation, petroleum and petroleum by-products or any fraction thereof and asbestos.

**Improvements.** The word "Improvements" means all existing and future improvements, buildings, structures, mobile homes affixed on

| | MORTGAGE | |
|---|---|---|
| Loan No: 60708971300001867 | (Continued) | Page 7 |

the Real Property, facilities, additions, replacements and other construction on the Real Property.

**Indebtedness.** The word "Indebtedness" means all principal, interest, and other amounts, costs and expenses payable under the Credit Agreement or Related Documents, together with all renewals of, extensions of, modifications of, consolidations of and substitutions for the Credit Agreement or Related Documents and any amounts expended or advanced by Lender to discharge Grantor's obligations or expenses incurred by Lender to enforce Grantor's obligations under this Mortgage, together with interest on such amounts as provided in this Mortgage.

**Lender.** The word "Lender" means SunTrust Bank, its successors and assigns. The words "successors or assigns" mean any person or company that acquires any interest in the Credit Agreement.

**Mortgage.** The word "Mortgage" means this Mortgage between Grantor and Lender.

**Personal Property.** The words "Personal Property" mean all equipment, fixtures, and other articles of personal property now or hereafter owned by Grantor, and now or hereafter attached or affixed to the Real Property; together with all accessions, parts, and additions to, all replacements of, and all substitutions for, any of such property; and together with all proceeds (including without limitation all insurance proceeds and refunds of premiums) from any sale or other disposition of the Property.

**Property.** The word "Property" means collectively the Real Property and the Personal Property.

**Real Property.** The words "Real Property" mean the real property, interests and rights, as further described in this Mortgage.

**Related Documents.** The words "Related Documents" mean all promissory notes, credit agreements, loan agreements, environmental agreements, guaranties, security agreements, mortgages, deeds of trust, security deeds, collateral mortgages, and all other instruments, agreements and documents, whether now or hereafter existing, executed in connection with the Indebtedness.

**Rents.** The word "Rents" means all present and future rents, revenues, income, issues, royalties, profits, and other benefits derived from the Property.

**WAIVER OF FUTURE ADVANCES UNDER PRIOR MORTGAGE.** Grantor hereby agrees that the principal indebtedness secured by any mortgages or security agreements which are senior to the lien of this Mortgage shall not exceed the amount which upon the date of the execution of this Mortgage has actually been advanced and is secured by each such prior mortgage and security agreement. As principal indebtedness of such prior mortgages or security agreements is reduced, the maximum amount that may be secured thereby shall also be reduced to the then outstanding principal balance(s). Grantor hereby waives the right to receive any additional or future advances under any such prior mortgages or security agreements. This paragraph shall constitute the notice required by Florida Statutes Section 697.04(b).

EACH GRANTOR ACKNOWLEDGES HAVING READ ALL THE PROVISIONS OF THIS MORTGAGE, AND EACH GRANTOR AGREES TO ITS TERMS.

GRANTOR:

X _____
EDWIGE LABADY

X _____
YVES LABADY

WITNESSES:

X _____

X _____   TAWANDA PINKSTON-MASTRO

### INDIVIDUAL ACKNOWLEDGMENT

STATE OF ___Florida___

COUNTY OF ___West Palm Beach___    ) SS

The foregoing instrument was acknowledged before me this ___28th___ day of ___March___, 20___05___ by EDWIGE LABADY, who is personally known to me or who has produced ___FDL___ as identification and did / did not take an oath.

DENISE M. PASTORINO
Notary Public - State of Florida
My Comm. Expires Nov 4, 2006
Commission # DD 160488
Bonded By National Notary Assn.

_____
(Signature of Person Taking Acknowledgment)

___Denise M. Pastorino___
(Name of Acknowledger Typed, Printed or Stamped)

_____
(Title or Rank)

_____
(Serial Number, if any)

Loan No: 60708971300001867

**MORTGAGE
(Continued)**

Page 8

## INDIVIDUAL ACKNOWLEDGMENT

STATE OF ___Florida___ )
                        ) SS
COUNTY OF ___West Palm Beach___ )

The foregoing instrument was acknowledged before me this ___28th___ day of ___March___, 20___05___ by YVES LABADY, who is personally known to me or who has produced ___FDL___ as identification and did / did not take an oath.

_____
(Signature of Person Making Acknowledgment)

___Denise Pastin___
(Name of Acknowledger Typed, Printed or Stamped)

_____
(Title or Rank)

_____
(Serial Number, if any)

DENISE M. PASTORINO
Notary Public - State of Florida
My Comm. Expires Nov 4, 2006
Commission #DD 160488
Bonded By National Notary Assn.

LASER PRO Lending, Ver. 5.26.10.200 Copr. Harland Financial Solutions, Inc. 1997, 2005. All Rights Reserved. FL T:\CFI\LPL\G03.FC TR-972782 PR-ACCN

Book18473/Page1208                                                Page 8 of 9

File No : F081E538

## Schedule A

LOT 340, BELLA TERRA P.U.D. PLAT NO. 4, ACCORDING TO THE PLAT THEREOF, AS RECORDED IN PLAT BOOK 97, PAGE 135, OF THE PUBLIC RECORDS OF PALM BEACH COUNTY, FLORIDA.



This is not a certified copy

Book18473/Page1209                                              Page 9 of 9

CFN 20050343233
OR BK 18690 PG 1841
RECORDED 06/06/2005 10:08:22
Palm Beach County, Florida
AMT 60,000.00
Deed Doc 210.00
Intang 120.00
Sharon R. Bock, CLERK & COMPTROLLER
Pgs 1841 - 1844; (4pgs)

**WHEN RECORDED MAIL TO:**
TransUnion Settlement Solutions
5300 Brandywine Pkwy., Suite 100
Wilmington, DE 19803

This Modification of Mortgage prepared by:

Name: DIANA M RIVERA-KERCADO/20050821550140-TUC, FL-Orlando-9135
Company: SunTrust Bank
Address: 7455 Chancellor Drive, Orlando, FL 32809

**SUNTRUST**

AAC

## MODIFICATION OF MORTGAGE                MAY 28

*60708971300001867DOTM*

THIS MODIFICATION OF MORTGAGE dated May 4, 2005, is made and executed between EDWIGE LABADY, whose address is 192 CATANIA WAY, ROYAL PALM BEACH, FL 33411 and YVES LABADY, HUSBAND AND WIFE, whose address is 192 CATANIA WAY, ROYAL PALM BEACH, FL 33411 (referred to below as "Grantor") and SunTrust Bank, whose address is 7455 Chancellor Drive, Orlando, FL 32809 (referred to below as "Lender").

MORTGAGE. Lender and Grantor have entered into a Mortgage dated March 28, 2005 (the "Mortgage") which has been recorded in PALM BEACH County, State of Florida, as follows:

4-26-2005 in Deed Book 18473 at Page 1201 in the Clerk's Office of PALM BEACH COUNTY OF FLORIDA.

The maximum aggregate amount of principal to be secured at any one time is increased from EIGHTY FIVE THOUSAND DOLLARS AND 00/100 [$85,000.00] to ONE HUNDRED FORTY FIVE THOUSAND DOLLARS AND 00/100 [$145,000.00].

REAL PROPERTY DESCRIPTION. The Mortgage covers the following described real property located in PALM BEACH County, State of Florida:

See the exhibit or other description document which is attached to this Modification and made a part of this Modification as if fully set forth herein.

The Real Property or its address is commonly known as 192 CATANIA WAY, ROYAL PALM BEACH, FL 33411.

MODIFICATION. Lender and Grantor hereby modify the Mortgage as follows:

("XX" Represents applicable modifications to above referenced mortgage)

__XX__ WHEREAS, the Agreement and Security Instrument have or are about to mature, and the Borrower has requested an extension of the time for payment;

__XX__ WHEREAS, Borrower has requested an increase in the amount of the credit line and Bank has agreed to increase the credit limit, on the terms and conditions set forth herein; and

__XX__ The Bank hereby agrees to extend the time for payment of the Agreement and Security Instrument and Borrower agrees to pay same and any advances made pursuant to the Access 3 line of credit as set forth in the Renewal Agreement, executed by Borrower on the date hereof, in the amount of the unpaid principal balance of the Agreement, plus accrued interest, costs, and expenses, with a maturity date of 05/04/2025. No new monies have been advanced unless the box below is checked.

__XX__ In order to evidence an increase in the credit line as contained in the Agreement, as contemplated hereby, the Renewal Agreement and the Security Instrument are hereby amended to provide for an increase in the credit limit in the amount of $ 60,000.00 .

__XX__ The future advance clause contained in the Security Instrument is hereby amended to reflect that the maximum principal amount that may be secured by the lien of the Security Instrument is increased to $ 170,000.00 .

CONTINUING VALIDITY. Except as expressly modified above, the terms of the original Mortgage shall remain unchanged and in full force and effect and are legally valid, binding, and enforceable in accordance with their respective terms. Consent by Lender to this Modification does not waive Lender's right to require strict performance of the Mortgage as changed above nor obligate Lender to make any future modifications. Nothing in this Modification shall constitute a satisfaction of the promissory note or other credit agreement secured by the Mortgage (the "Note"). It is the intention of Lender to retain as liable all parties to the Mortgage and all parties, makers and endorsers to the Note, including accommodation parties, unless a party is expressly released by Lender in writing. Any maker or endorser, including accommodation makers, shall not be released by virtue of this Modification. If any person who signed the original Mortgage does not sign this Modification, then all persons signing below acknowledge that this Modification is given conditionally, based on the representation to Lender that the non-signing person consents to the changes and provisions of this Modification or otherwise will not be released by it. This waiver applies not only to any initial extension or modification, but also to all such subsequent actions. Grantor hereby ratifies and affirms that Grantor's liability shall continue in full force and effect through and including the Note's now extended maturity date and that Grantor has no defenses, setoffs, or other claims against Lender arising out of this credit facility. If it is determined that any other person or entity other than Lender shall have a lien, encumbrance, or claim of any type which has a legal priority over any term of this Modification, the original terms of the Note and Mortgage shall be severable from this Modification and separately enforceable from the terms thereof as modified hereby in accordance with their original terms, and Lender shall maintain all legal or equitable priorities which were in existence before the date of execution of this Modification. It is understood by and is the intention of the parties hereto that any

Loan No: 6070897130000 1867

## MODIFICATION OF MORTGAGE
## (Continued)

Page 2

legal or equitable priorities of Lender over any party which were in existence before the date of execution of this Modification shall remain in effect after the execution of this Modification.

GRANTOR ACKNOWLEDGES HAVING READ ALL THE PROVISIONS OF THIS MODIFICATION OF MORTGAGE AND GRANTOR AGREES TO ITS TERMS. THIS MODIFICATION OF MORTGAGE IS DATED MAY 4, 2005.

**GRANTOR:**

X _____
EDWIGE LABADY

X _____
YVES LABADY

**WITNESSES:**

X _____   CINDY D GAYNEV

X _____   TAWANDA PINKSTON-CASTRO

**LENDER:**

**SUNTRUST BANK**

X _____   CINDY D. GAINEV
Authorized Signer

---

## INDIVIDUAL ACKNOWLEDGMENT

STATE OF __Florida__ )
                      ) SS
COUNTY OF __West Palm Beach__ )

The foregoing instrument was acknowledged before me this ____ day of May, 2005 by EDWIGE LABADY, who is personally known to me or who has produced _____ as identification and did / did not take an oath.

_____
(Signature of Person Taking Acknowledgment)

Denise M Pastorino
(Name of Acknowledger Typed, Printed or Stamped)

[Notary Seal: DENISE M. PASTORINO, Notary Public - State of Florida, My Comm. Expires Nov 4, 2006, Commission # DD 160488, Bonded By National Notary Assn.]

_____
(Title or Rank)

_____
(Serial Number, if any)

**MODIFICATION OF MORTGAGE**
(Continued)

Loan No: 60708971300001867

Page 3

## INDIVIDUAL ACKNOWLEDGMENT

STATE OF __Florida__ )
                     ) SS
COUNTY OF __West Palm Beach__ )

The foregoing instrument was acknowledged before me this __4th__ day of __May__, 20__05__ by YVES LABADY, who is personally known to me or who has produced __FDL__ as identification and did / did not take an oath.

_____
(Signature of Person Taking Acknowledgment)

__Denise M Pastorino__
(Name of Acknowledger Typed, Printed or Stamped)

_____
(Title or Rank)

_____
(Serial Number, if any)

DENISE M. PASTORINO
Notary Public - State of Florida
My Comm. Expires Nov 4, 2006
Commission # DD 160488
Bonded By National Notary Assn.

## LENDER ACKNOWLEDGMENT

STATE OF __Florida__ )
                     ) SS
COUNTY OF __West Palm Beach__ )

The foregoing instrument was acknowledged before me this __4th__ day of __May__, 20__05__ by __CINDY D. GAINEY__. He or she is personally known to me or has produced __FDL__ as identification and did / did not take an oath.

_____
(Signature of Person Taking Acknowledgment)

__Denise M Pastorino__
(Name of Acknowledger Typed, Printed or Stamped)

_____
(Title or Rank)

_____
(Serial Number, if any)

DENISE M. PASTORINO
Notary Public - State of Florida
My Comm. Expires Nov 4, 2006
Commission # DD 160488
Bonded By National Notary Assn.

LASER PRO Lending, Ver. 5.24.10.202 Copr. Harland Financial Solutions, Inc. 1997, 2005. All Rights Reserved. - FL

**EXHIBIT "A"**

Application Number: 20050821550140
TaxID Number: 72-41-43-36-07-000-3400

**Legal Description**

LOT 340, BELLA TERRA P.U.D. PLAT NO. 4, ACCORDING TO THE PLAT THEREOF, AS RECORDED IN PLAT BOOK 97, PAGE 135, OF THE PUBLIC RECORDS OF PALM BEACH COUNTY FLORIDA.

This is not a certified copy