ORDERED in the Southern District of Florida on ___FEB 1___



Paul G. Hyman, Chief Judge
United States Bankruptcy Court

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

PROCEEDINGS UNDER CHAPTER 13
CASE NO. 09-35607-BKC-EPK

In re:

Yves M. Labady and
Edwige C. Labady, ,

    Debtors.

_____/

### ORDER GRANTING DEBTOR'S MOTION
### TO VALUE AND TO DETERMINE SECURED STATUS OF LIEN, AND MOTION TO AVOID LIEN HELD BY SUNTRUST BANK ON REAL PROPERTY

This case came before the Court this 12th day of February, 2010, on the Debtors' Motion to Value and Determine Secured Status and Motion to Avoid Lien on Real Property (the "Motion") [Docket No. 20]. Based on the Debtors' assertions made in support of the Motion, without objection, having considered the record in this case, and being duly advised in the premises, the

LF-92 (rev. 01/08/10)

Court finds as follows:

A. The value of the Debtors' real property located at 192 Catania Way, Royal Palm Beach, Florida and more particularly described as follows:

> **Lot 340, Bella Terra PUD Plat No., 4, according to the Plat thereof, as recorded in Plat Book 97, Page 135, of the Public Records of Palm Beach County, Florida**

(the "Real Property") is $180,000.00 at the time of the filing of this case.

B. The total of all claims secured by liens on the Real Property senior to that lien of SunTrust Bank (the "Lender") is $298,671.00

C. The equity remaining in the Real Property after payment of all claims secured by liens senior to the lien of Lender is $0.00 and Lender has a secured interest in the Real Property in such amount.

Consequently, it is **ORDERED** as follows:

1. The Motion is granted.

2. Lender has an allowed secured claim in the amount of $0.00.

3. Because Lender's secured interest in the Real Property is $0.00, Lender's mortgage recorded on April 26, 2005 at **Official Records Book 18473 at Page 1201 in the Public Records of Palm Beach County, Florida** shall be deemed void and shall be extinguished automatically, without further order of the Court, upon entry of the Debtors discharge in this chapter 13 case. If this case is converted to a case under any other chapter or if the chapter 13 case is dismissed, Lender's mortgage will no longer be considered void and shall be restored as a lien on the Real Property.

4. At the time of the filing of this Motion, Lender had not filed a proof of claim in this

LF-92 (rev. 01/08/10)

case. The trustee shall not disburse any payments to Lender unless a proof of claim is timely filed. In the event a proof of claim is timely filed, it shall be classified as a secured claim in the amount stated in paragraph 2, above, and as a general unsecured claim for any amount in excess of such secured claim, regardless of the original classification in the proof of claim as filed.

5. The Real Property may not be sold or refinanced without proper notice and further order of the Court.

6. Notwithstanding the foregoing, this Order is not recordable or enforceable until the Debtors receive a discharge in this chapter 13 case.

# # #


Submitted by:

Jordan E. Bublick
Attorney for Debtor(s)
11645 Biscayne Blvd., Suite 208
Miami, Florida 33181
Tel. (305) 891-4055
Fax (786) 524-3886
E-mail – jbublick@bublicklaw.com

Copies furnished to:

(Atty. Bublick is directed to serve a conformed copy of this Order on all interested parties immediately upon receipt hereof and to file a certificate of service.)

LF-92 (rev. 01/08/10)